**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**VS.**                       **CIVIL ACTION NO. 4:00-CV-221-TSL-LRA**

**ALDEN M. WALLACE, III, ET AL**                               **DEFENDANTS**

## ORDER

THIS CAUSE is before the Court on Defendants' "Motion to Disqualify Burtis M. Dougherty as Counsel, or in the Alternative to Order Him Subject to Cross Examination of His Testimony Offered in His Declaration" [#286] filed on October 16, 2008. Defendants stated at the hearing on October 17, 2008, that they do not wish to have Mr. Dougherty disqualified; instead, they seek the alternative relief to cross-examine him on the factual issues set forth in his Declaration [Exhibit A to Document 286-2 & 284-4]. Those statements in his Declaration recount the efforts made by the United States to obtain various business records, including tenant files, relating to Defendants' rental properties during the latter half of 2006 and early 2007.

The Court shall not determine whether the procedures required by the Department of Justice for making a demand to disclose official information are applicable. 28 C.F.R. §§ 16.21 *et seq.* Depositions of opposing counsel

(or calling opposing counsel as a fact witness) are discouraged, as they disrupt the adversarial process and lower the standards of the profession. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), citing *Hickman v. Taylor*, 329 U.S. 495, 513 (1947). A party should not be permitted to take the deposition of the opposing party's attorney except in the most unusual of circumstances. *Buford v. Holladay*, 133 F.R.D. 487, 491 (S.D. Miss. 1990).

The Court concludes that Defendants have failed to meet the burden required in order to be able to call an opposing attorney as a witness. *United States v. Crockett*, 506 F.2d 759, 760 (5th Cir. 1975). A three-part test has been employed by the Fifth Circuit, allowing opposing counsel to testify only when (1) no other means exist to obtain the information; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999) (adopting test used by Eighth Circuit in *Shelton v. American Motors Corp.*, 805 F.2d at 1327).

Defendants attempt to distinguish *Nguyen* because they are not requesting to depose Mr. Dougherty. The Court finds that the test is still applicable under the circumstances of this case. Having considered the *Nguyen* test factors, the Court concludes that Mr. Dougherty should not be required to testify. All of the information in the Declaration relates only to

the United States's attempts to determine whether or not the 2002 Consent Order had been violated.  This included Mr. Dougherty acquiring knowledge that the Marsh Investment Group was purchasing some of the subject property; his correspondence with Defendants' attorney at that time, Mr. William Ready; and his attempts to acquire business records regarding the property.  Defendants contend that they cannot acquire the same information from those persons mentioned in the Declaration, including Mr. Ready, Eva Green, as well as Kirk Marsh and Russell Marsh.  This may or may not be correct, but the Court instead finds that the information sought by Defendants from Mr. Dougherty is irrelevant to these proceedings.  How the Government obtained the records is not at issue in these proceedings, although Defendants attempt to inject it on a theory of the Government having "unclean hands."  Defendants charge that the Government went through methods other than traditional discovery in attempting to investigate whether the Consent Order was being violated.  That issue is not before the undersigned, although the Court does note that an independent investigation by counsel is ordinarily not proscribed by the Federal Rules of Civil Procedure.  The only issue to be determined is whether or not the Wallaces violated the 2002 Consent Order by their own actions, including transferring title to the property and by remaining in the continued

management of the property.  The Government's attorney's actions are not relevant to the ultimate issue.

The Court granted all parties a discovery period in order for each side to gather evidence regarding whether or not the Consent Order had been violated and should be continued for a period.  Defendants could have propounded written discovery responses to determine what documents the Government possessed and how they obtained these documents.  They did not, for whatever reason.

Defendants contend that the Government must be entitled to the relief it seeks, and that it violated Judge Lee's January 29, 2007, Order allowing discovery.  It is clearly the Government's burden to prove it is entitled to the relief is seeks.  However, although Judge Lee limited the formal discovery granted, he did not prohibit counsel from making an independent investigation into the circumstances of this case, including contacting potential witnesses and acquiring relevant documents from sources other than Defendants.  If Defendants wish to challenge the authenticity of any documents acquired by the Government, they may do so.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to disqualify Mr. Dougherty as counsel, or to cross-examine him at the hearing to be conducted in this cause, is **DENIED.**

SO ORDERED, this the 7th day of January, 2009.


                                  S/ Linda R. Anderson
                        UNITED STATES MAGISTRATE JUDGE